UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY FRY,

     Plaintiff,

v.                                CASE No. 8:09-CV-47-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

_____

ORDER

     The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

     The plaintiff, who was forty-five years old at the time of the most recent administrative hearing and who has some college education (Tr. 365), has worked as a block layer, used goods salesman, and mobile home setter

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 19).

(Tr. 106). He filed a claim for Social Security disability benefits, alleging that he became disabled due to back problems (Tr. 105). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a _de novo_ hearing before an administrative law judge. Additional records were submitted by the plaintiff and a subsequent hearing was held (Tr. 385). The law judge found that the plaintiff had severe impairments of "lumbar disc disease and a congenital deformity of the right shoulder" (Tr. 15). He concluded that, due to these impairments, the plaintiff had the following residual functional capacity to perform a range of light work (Tr. 16):

> The claimant can lift/carry 20 pounds occasionally, 10 pounds frequently; however, he cannot lift/carry more than 3 pounds with the non-dominant right upper extremity. The claimant can stand/walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl but can never climb ladders, ropes, or scaffolds or reach overhead with the non-dominant right upper extremity.

The law judge found that these restrictions prevented the plaintiff from returning to past work (Tr. 20). However, based upon the testimony of a vocational expert, the law judge ruled that there are jobs that exist in

significant numbers in the national economy that the plaintiff could perform, such as gate guard, information clerk, and surveillance systems monitor (Tr. 21). Consequently, the plaintiff was found not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff asserts three challenges to the law judge's decision. None warrants reversal.

A. The plaintiff contends first that the law judge erred when he did not give substantial weight to the opinions of his treating physicians (Doc. 23, p. 5). That contention lacks merit.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff argues that the opinions of treating physicians, Dr. Pedro Ruiz, a primary care doctor, and Dr. Juan L. Joy, a neurologist, were improperly rejected. Dr. Ruiz treated the plaintiff in a primary care capacity for several years. On June 12, 2008, Dr. Ruiz signed the following statement: "To Whom It May Concern: Above patient is physically unable to work due to medical conditions" (Tr. 174). This opinion is conclusory and that circumstance alone provides a recognized basis for discounting the opinion. Lewis v. Callahan, supra, 125 F.3d at 1440.

In addition, Dr. Ruiz, on a form provided by plaintiff's counsel, indicated that he agreed with the plaintiff's assessment of his own functional abilities that, due to severe lower back pain, he was unable to sit for more than thirty minutes and must lie down for one-third of the day (Tr. 202-03). Plaintiff's counsel, also, sent Dr. Joy a form inquiring as to whether he agreed with the limitations Dr. Ruiz "has previously opined," and Dr. Joy checked "yes" (Tr. 186). The leading questions on those forms constitute little more than rubber stamping of the plaintiff's own subjective allegations. There was no explanation provided for those opinions. Consequently, the opinions are also merely conclusory and subject to rejection on that basis.

Moreover, the law judge provided the following reasons for giving Dr. Ruiz's and Dr. Joy's opinions little weight (Tr. 19):

> Since Dr. Ruiz did not provide further explanations regarding the claimant's inability to work in his June 12, 2008 opinion, the undersigned assumes this assessment did not differ from what Dr. Ruiz had previously stated on May 23, 2007 (Section F, pages 147 and 176). However, the undersigned finds Dr. Ruiz's opinions lack objective support from his own clinical records. When Dr. Ruiz saw the claimant on December 14, 2005, the claimant reported a number of complaints but only mild intensity and the physical examination was essentially normal (Section F, page 140). When seen again in follow up by Dr. Ruiz's associate, Edwin Pena, M.D., on December 28, 2005 the claimant expressed several complaints and a worsening of his condition; however, the physical examination was again essentially normal (Section F, page 141). Similar findings were made by Dr. Pena on January 25, 2006 and February 23, 2006 (Section F, pages 142 and 143). The claimant reported moderate intensity and pain of the lumbosacral spine on June 1, 2006 but when seen on September 11, 2006 Dr. Ruiz noted that examination findings were normal despite the claimant's reports of severe intensity (Section F, pages 144 and 145). When last seen by Dr. Ruiz on November 13, 2006, severe intensity was again reported but the only clinical finding was positive low back pain (Section F, page 146). It appears from these records that the claimant consistently has complaints in excess of what is clinically found on examination and given the

rather sparse actual clinical findings of questionable severity, the undersigned concludes that Dr. Ruiz gave more credence to the claimant's complaints than what was deserved and presumably based his opinion more on what the claimant said than on what was actually clinically demonstrated, particularly given what appear to be normal lumbar spine x-rays in January 2006 and an essentially normal lumbar spine MRI in February 2006 (Section F, pages 134 and 139). As far as Dr. Joy's opinion is concerned, he also appears to give more credence to the claimant than is deserved. When Dr. Joy first saw the claimant on September 25, 2007 on referral by Dr. Ruiz it was noted that the claimant was a fairly poor historian and kept changing his version (Section F, pages 173-174). When again seen in October 2007, Dr. Joy felt there was functional overlay and when last seen in November 2007 the neurological examination was unchanged (Section F, pages 166 and 171).

These reasons amply support the law judge's determination to discount the treating physicians' opinions. In other words, the law judge has shown good cause for not giving those opinions considerable or substantial weight.

The plaintiff contends that Dr. Ruiz's examination of the plaintiff on December 14, 2005, and September 11, 2006, were not normal, contrary to what the law judge stated (Doc. 23, p. 6). However, there is

nothing in those reports which indicates a significant abnormality (Tr. 205, 210).

The plaintiff has made no attempt to show that his conditions would justify the extreme limitations opined by Dr. Ruiz. Accordingly, the law judge's determination that Dr. Ruiz's conclusory opinion should be given little weight remains supported by his explanation that the opinion lacks objective support from the doctor's own clinical records.

Furthermore, the opinions of Dr. Ruiz and Dr. Joy are contradicted by other medical evidence. Most significantly, the plaintiff was examined by Dr. Himagiri Ravi who opined in a detailed report (Tr. 187-91), and a medical source statement (Tr. 194-99), greater functional ability than was stated by Drs. Ruiz and Joy. The law judge explained that he was giving great weight to Dr. Ravi's opinions (Tr. 18). The Commissioner also points to the plaintiff's MRI of the lumbar spine. Written on the report of that MRI was "lumbar looks good!" (Tr. 216).

It is appropriate to add that the record contains reports of three other consultative examinations. Those reports from April 2005, November 2004, and April 2003 essentially opine no functional limitations (Tr. 299-

301, 303-05, 310-11). While those opinions are not directly relevant to the plaintiff's claim since, at the start of the hearing, the plaintiff changed his alleged onset date from December 8, 2001 (Tr. 92), to December 14, 2005 (Tr. 361), those opinions nevertheless support the law judge's assessment of the medical opinions in this case.

B. The plaintiff also argues that the law judge failed to apply the Eleventh Circuit pain standard in evaluating the plaintiff's subjective complaints (Doc. 23, pp. 7-8). This contention lacks merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling

pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge recognized the need to articulate a credibility determination, and referred to the pertinent regulation and Social Security rulings (Tr. 16). In fact, he stated the governing principles (id.). This demonstrates that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Moreover, consistent with this standard, the law judge acknowledged the plaintiff's specific complaints of debilitating pain (Tr. 17-18). Thus, the law judge summarized the plaintiff's testimony (Tr. 17). The law judge concluded that the plaintiff's "allegations of an inability to sustain regular and continuing work do not find full support in the medical evidence of record or in his testimony" (Tr. 18). Moreover, the law judge explained his credibility determination as follows (id.):

> The undersigned finds the claimant's testimony casts significant doubt upon the true extent of his limitations secondary to pain. At the hearing, the claimant testified that his mother performs all household chores; however, the claimant reported to Dr. Ravi that he cooks, does laundry, and

vacuums. Additionally, the claimant testified that his daily activities primarily consist of reading and watching television. The undersigned finds the claimant's ability to sit to read or watch television is indicative that his pain symptoms are not as severe as alleged. Although the claimant testified that he can sit for only 20 minutes, he sat through the hearing process which lasted approximately 35 minutes. The claimant testified that he has experienced shoulder problems since 1971 but the undersigned notes that the claimant continued to work despite his shoulder problems until December 2005. Additionally, the claimant testified that he experiences chronic and severe back pain; however, the objective medical evidence of record reveals only mild degenerative changes in the claimant's lumbar spine. The claimant further testified that surgery has not been recommended to alleviate his back or shoulder pain. Furthermore, despite the claimant's continued allegations of chronic neck and shoulder pain, no treating physician has provided documentation of any specific functional limitations. The undersigned finds the claimant's statements regarding an inability to perform work-related functions due to back and shoulder pain are not generally credible and the claimant is capable of doing more than he alleges.

This finding is reasonable, supported by substantial evidence, and adequate to discount the plaintiff's subjective complaints. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 698-99 (11th Cir.2006) (unpub. dec.).

In challenging the law judge's credibility determination, the plaintiff states that "[w]atching television or reading has nothing to do with his pain. There was no testimony concerning his capacity to enjoy these activities" (Doc. 23, p. 8).

This contention is unpersuasive since, in the first place, this was simply one factor mentioned by the law judge in his credibility determination. More significantly, the law judge could reasonably think that, if the plaintiff's pain was as severe as he said it was, the plaintiff could not sit long enough to watch television or read, and could not concentrate well enough to perform those activities, especially reading. The law judge accepted the plaintiff's testimony to a great extent, since he found that the plaintiff had severe limitations that restricted him to a limited range of light work (Tr. 16). The law judge only rejected the plaintiff's testimony to the extent that the plaintiff was asserting conditions that would render him totally disabled. The plaintiff has clearly failed to show that the evidence compels a finding contrary to the law judge's credibility determination.

C. The plaintiff's final argument is that "[t]he RFC [residual functional capacity] found by the Commissioner is not supported by the

record" (Doc. 23, p. 8). The plaintiff contends that the law judge did not include all the limitations set out by consulting physician Dr. Ravi, including that the claimant can lift no more than ten pounds, can stand or walk for four hours in an eight-hour workday, and has several environmental limitations (id., p. 9).

With respect to the weight limitation of ten pounds, the plaintiff refers to a report in which Dr. Ravi stated "[t]he claimant may be able to lift 10 pounds occasionally and 10 pounds frequently" (Tr. 191). However, the law judge expressly credited Dr. Ravi's later opinion made in a medical source statement that the plaintiff could lift up to twenty pounds occasionally and ten pounds frequently (Tr. 194). Thus, the law judge stated "Dr. Ravi opined that the claimant could lift/carry up to 20 pounds occasionally and up to 10 pounds frequently" (Tr. 18). The law judge added that "[g]iven the specificity of the latter [opinion], the undersigned finds the Medical Source Statement most accurately reflects Dr. Ravi's ultimate opinion and resolves any conflict that may seem to exist in this regard" (id.). Accordingly, the limitation was properly included in the residual functional capacity and in the hypothetical question to the vocational expert (Tr. 16, 386).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, supra, 284 F.3d at 1227. On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004). Consequently, the law judge correctly included a limitation of lifting and carrying twenty pounds occasionally and ten pounds frequently in the hypothetical question.

In addition, the plaintiff states there is not substantial evidence supporting the law judge's determination that the plaintiff has the ability to stand and walk for six hours in an eight hour workday (Doc. 23, p. 9). Thus, Dr. Ravi opined that the plaintiff could only stand and walk for four hours in an eight hour workday, as well as sit for four hours (Tr. 195). There is, in fact, a difference between the residual functional capacity and Dr. Ravi's assessment of the plaintiff's ability to walk and stand. That difference, however, appears to reflect an inadvertent mistake in the stated residual functional capacity. Thus, in his discussion of Dr. Ravi's opinion, the law

judge clearly indicates that he was accepting Dr. Ravi's opinion of a limit of two hours standing and two hours walking (Tr. 18). Accordingly, those limits should be viewed as included in the residual functional capacity.

In all events, any error in this respect is harmless. In the hypothetical question posed to the vocational expert at the second hearing, the law judge included the limitation of standing for two hours and walking for two hours in an eight-hour workday (Tr. 386, 399). In this circumstance, the focus is properly upon the adequacy of the residual functional capacity description contained in the hypothetical question to the expert rather than the residual functional capacity set out in the law judge's decision. Corbitt v. Astrue, 2008 WL 1776574 at *3 (M.D. Fla. 2008). Thus, the vocational expert responded to the hypothetical question asking him to assume a limitation of two hours standing and two hours walking, and he identified certain jobs that an individual with the hypothetical profile could perform. The law judge accepted that testimony in finding that there were jobs that the plaintiff could carry out. The limitations set out in the residual functional capacity in the decision played no role in this analysis.

The plaintiff also bases a contention upon the fact Dr. Ravi included several environmental limitations in the medical source statement form he filled out (Tr. 198). The plaintiff contends that these restrictions should have been included in the hypothetical question to the vocational expert (Doc. 23, p. 9).

The law judge, however, did not find that the plaintiff had any environmental limitations, and therefore the hypothetical questions did not need to include any environmental limitations. Simply because the law judge gave great weight to Dr. Ravi's opinion does not mean that he had to accept all of the various opinions set out in the medical source statement. Notably, the Commissioner persuasively argues that the medical evidence does not support any environmental limitations (Doc. 24, p. 17). The plaintiff has made no attempt to show otherwise. Further, Dr. Ravi merely wrote "Lumbar radiculitis" as a basis for his environmental restrictions (Tr. 198). In light of these circumstances, the hypothetical question is not flawed because it did not include environmental limitations.

Furthermore, there is no reason to think that environmental limitations, even if present, would restrict in any way the plaintiff's ability to

perform the jobs of gate guard, information clerk, and surveillance systems monitor, which are the three types of jobs that the law judge found that the plaintiff could perform. The plaintiff has not even asserted that the environmental limitations opined by Dr. Ravi would affect the performance of those three jobs. Significantly, the plaintiff would have to show that the environmental limitations would affect the performance of each of the three jobs since, if the plaintiff could perform even one of them, that would be sufficient to defeat the claim for disability benefits. See Caldwell v. Barnhart, 261 Fed. Appx. 188 (11th Cir. 2008)(unpub. dec.).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment accordingly and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this /2ᵗʰ day of January, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE